UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 12 CV 9244

Robert Stashiewicz #3491116067
18-18 Hare Street
East Elmhurst NY 11370

#2

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Prisoners Health Services Inc
EN-TWAL
Dr. Richards Head of ~~producter~~ AmKC
C-95 building
18-18 Hare Street
East Elmhurst NewYork 11370

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes  ☐ No
(check one)



I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  Robert Stashiewicz
ID #  3491116067
Current Institution  AmKC
Address  18-18 Hare Street
East Elmhurst NY 11370

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 05/2007*                                1

Defendant No. 1    Name _Dr Richards_____ Shield #_____
Where Currently Employed _Prisons Health Services_
Address _____
_____

Defendant No. 2    Name _Nurse Milord_____ Shield #_____
Where Currently Employed _Prison Health Servs_
Address _____

Defendant No. 3    Name _Dr Jay Cwnn_____ Shield #_____
Where Currently Employed _Prison Heath Suvices_
Address _____

Defendant No. 4    Name _Dr Homer Ventus_____ Shield #_____
Where Currently Employed _Prisons Health Servs_
Address _____

Defendant No. 5    Name _Dr R. Macdougall_____ Shield #_____
Where Currently Employed _Prison Health Servs_
Address _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _At the present time Ian is C-95 and Iam is AMKC_

B.    Where in the institution did the events giving rise to your claim(s) occur? _This is an on going problem And Iam now at my last resort and Iam left with no other optn but to sue for proper medical Attentn_

C.    What date and approximate time did the events giving rise to your claim(s) occur? _Since Oct 3, of 2011 When I was 1st detained into this building_

**D.    Facts:**

> What happened to you?

IN 2007 I was Assaulted with Bricks to the Head that Resulted in the Traumatic Brain Injury TWO Subdural Hematomas A cerebral Hemorrage A multiple Compound Fracture to the SKULL where I underwent 2 Brain Surgerys lapsed into a coma For multiple months in recovery I had to learn to walk, talk, I was more or less A child. Half my Natural Skull was removed. I've BEEN DIAGNOSED with CRONIC MIGRAIN HeadAches I've BEEN SEEN & still see Neuologist & regular doctors while in Jail I Need CERTAIN medications For my HeadAches a nerve damage

> Who did what?

due to my Injurys due to PAST injury Doctors Saving my life cut Nerves inorder to Save my life I Now have Neuropathy At this time I can only get 3 doses of medicine For HeadAche

> Was anyone else involved?

Dr. Richards Cut my "Fioricet" And Gabapentin For NO reason At All I Need these medications I can't just go see a doctor when I want there was NO reason For this to be done all was fine the Called Prisoner Rights my Attorney who called & tried to presuade this Dr with Not

> Who else saw what happened?

A response I am sick MY HeadAches Are Back my Nerve pain is Excruciating & This is Not only Malpractice But Personal Injury

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  I Now Have Cronic HeadAches ONCE Again because This medical doctor took my medication For Fioricet as well As Cut my Gabapentis From 1800 mgs to 600 deily I am throwing up losing BAlance I am Sick

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes  X      No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Rikers Island AMKC_

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _X_

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _X_

If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _X_

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _X_

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

1.    Which claim(s) in this complaint did you grieve? _____
_____

2.    What was the result, if any? _____
_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. _____
_____

N/A

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

N/A

2.    If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: _____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

DR Richards license to Practice medicine needs to be taken He should Not be able to hurt No other Inmate He just out of His way to hurt ME I believe this I hate that may issues with PHS

I want to be Compensated in the Amount of $250,000

For my Pain An Suffering I am Extreamly Sick with these Head ACHES

**VI.   Previous lawsuits:**

| On<br>these<br>claims |
|---|

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____   No ✗

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes ____  No ____
If NO, give the approximate date of disposition _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

| On<br>other<br>claims |
|---|

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____   No ✗

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.   Docket or Index number _____

4.   Name of Judge assigned to your case _____

5.   Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes ____  No ____
If NO, give the approximate date of disposition _____

DOSAGE
INCREASED
AGAIN

2012 Sept

**Staskiewicz,Robert**
349-11-16067                    9/27/12
Take two capsule(s) by mouth three
times a day.
Toma dos capsula(s) por boca tres veces
al dia.
GABAPENTIN 300 MG CAPSULE
12 x 300 mg
                2 DAY(S) SUPPLY    12/26/12

order wasn't supposed to be
consulted or renewed untill that date
why WAS A new order 12/26/12
made than was still 40 days
left on the script

DOSAGE
INCREASED

2012 July

**Staskiewicz,Robert**
349-11-16067                    KBA
                                07/05/12
Take one capsule(s) by mouth three
times a day.
Toma una capsula(s) por boca tres veces
al dia.
GABAPENTIN 400 MG CAPSULE
6 x 400 mg
                                09/03/12
        2 DAY(S) SUPPLY

Dr Richards
on 4/20/2012
without consulting me
cut my Gabapentin
from Mg P order 2012 New
to this for no reason
at All

**Staskiewicz,Robert**
349-11-16067                    KBA
                                11/22/12
Take one capsule(s) by mouth twice a
day.
Toma una capsula(s) por boca dos veces
al dia.
GABAPENTIN 300 MG CAPSULE
4 x 300 mg
        2 DAY(S) SUPPLY    12/22/12

The new order started
without my cy? self or ??
was ???!!!

I Have Hep C Both meds are very bad on the liver. Since Doctor Richards Has Stoped these two meds Ive had No choice but to Eat well over the recommend dossyes of tylenol & NAPROBEN. Ive gone As Far As Buying other winmates medications to try to stop my Kronic Headaces. The DOT Nurse Has begged me to try to lay off so much tylenol but I cant I am in pain this doctor dves Not understand what his actions have done Serious injury. Ive lost 8 pounds in 10 day From Vomiting & Not Eating I called my Criminal Attorny nurnrous times with this you can See this has been an on going issue I can go back 6 mothis easy. This is Just my lawyer & Prison Rights Complants. Grievances Secund opins leleft UNAwsered For over A year Now Its to this

I will Have witnesses to count on my behalf
1  Sarah Trust Criminal Attorny
2  Dale Wilken Civil Attorny Prison Right
3  Dr. Henry Nevologist speligist Bellone Clinic
4  Dr Amar R. Ac persnol Doctor Brooklyn NY

These are All my witness that will testify on my behalf in my malpractice / persnal injury Suit

My release date From Jail Rikers Iland is

MAY 30th 2013

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _4_ day of _December_ 20_12_

| | |
|---|---|
| Signature of Plaintiff | Stoshiewin Robert |
| Inmate Number | 349111606? |
| Institution Address | AMKC |
| | 18-18 Hazen street |
| | East Elmhurst NY |
| | 11370 |

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _4_ day of _Dec_ , 20_12_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

*Rev. 05/2007*                                    7

0048161537251

The University Hospital
150 Bergen Street
Newark, New Jersey 07103-2425

OPERATIVE REPORT
Patient:    STASKIEWICZ, ROBERT

MRN:        011467768
Surgeon:    CHARLES PRESTIGIACOMO
Assistant:
Proc. Date: 09/08/2007

Electronically Signed By:
CHARLES PRESTIGIACOMO
Physician ID:    088826
Signature Date: Sep 20 2007  12:15PM

ASSISTANT(S):  Daniel Yanni, MD and Gaurav Gupta, MD

ANESTHESIA:  General endotracheal.
ANESTHESIOLOGIST:  Michael Steng, MD

PREOPERATIVE DIAGNOSES:  Compound open depressed skull fracture,
subdural hematoma, intracerebral hemorrhage.

POSTOPERATIVE DIAGNOSES:  Compound open depressed skull
fracture, subdural hematoma, intracerebral hemorrhage.

OPERATIONS:  Left craniotomy, elevation of depressed skull
fracture, mesh cranioplasty, evacuation of subdural hematoma,
duraplasty, and placement of a right-sided external ventricular
drainage.

ESTIMATED BLOOD LOSS:  40 mL.

SPECIMEN:  CSF.

DISPOSITION:  The patient was transferred to the Surgical
Intensive Care Unit in critical condition.

INDICATIONS:  This is a 38-year-old male who was assaulted by a
brick to the head, found to have a compound open depressed skull
fracture on CAT scan with hematoma as well as intracerebral
hemorrhage.  Additionally, the patient had declined
neurologically from admission exam to a more lethargic state.
It was deemed _____ emergent to bring the patient to the
Operating Room.

DESCRIPTION OF PROCEDURE:  After successful induction of general
endotracheal anesthesia, the bed was turned to the left.  All

004816153725I
Patient:      STASKIEWICZ, ROBERT
MRN:          011467768
Proc. Date:   09/08/2007
CONTINUATION: OPERATIVE REPORT

pressure points and areas of the body were padded appropriately.
The head was shaved and the entire head was prepped and draped
in standard sterile fashion. Using a reverse question mark
incision on the left side, the scalp flap was made. Local
lidocaine 1% with epinephrine was injected and scalp flap was
made incorporating the open areas of lacerations from where the
assault had occurred. The scalp flap was then secured with a
flap roll. Hemostasis was aggressively obtained using bipolar
and Bovie electrocautery. The depressed skull fracture was
visualized. Two bur holes were made surrounding the depressed
skull fracture using the Midas Rex with the B1 and the
footplate. A flap was turned to incorporate the entire
depressed skull fracture. This whole depressed skull fracture,
bone fragments, and the flap were removed and placed in
bacitracin irrigation. The dura was opened from the _____ from
the assault using pickups, _____, and Metzenbaum scissors in a
cruciate fashion. Subdural hematoma was evacuated. Bleeding
cortical vessels were visualized as well as the intracerebral
hemorrhage using bipolar electrocautery. Gelfoam, thrombin, and
Surgicel. Hemostasis was obtained over the cerebral convexity.
Once hemostasis was obtained, the dural leaflets were
approximated using 4-0 Nurolon. A layer of Surgicel was placed
over the cortical surface. The dural leaflets were then
overlaid with a layer of DuraGen in a manner for duraplasty.
Attention was then turned to the bone flap. The areas of the
depressed skull fracture were fragmented significantly and were
removed. However, the bone flap areas surrounding the depressed
skull fracture were able to be retained. A sheet of titanium
mesh was made overlying the area of the bone flap and the skull
defect from the depressed skull fracture and secured in _____
fashion. This bone flap mesh assembly was then placed into the
skull fitted appropriately into the bone flap and secured in
place using titanium screws from the Synthes Maxillofacial kit.
Again, hemostasis was aggressively obtained using bipolar and
Bovie electrocautery. The scalp flap was closed in layers using
2-0 Vicryl to close temporalis fascia and 2-0 Vicryl in an
inverted fashion to close the galea as well as a running
Monocryl to close the skin. Sterile dressings were placed using
bacitracin ointment and Telfa and a standard head wrap.
Attention was then turned to the contralateral side of the head,
the right side, where an external ventricular drain was placed.
The area was prepped and draped in standard sterile fashion. 1%
lidocaine with epinephrine was injected locally at Kocher point
approximately 1 cm anterior to the coronal suture on the right

0048161537251
Patient:     STASKIEWICZ, ROBERT
MRN:         011467768
Proc. Date:  09/08/2007
CONTINUATION: OPERATIVE REPORT

side in midpupillary position.  The incision was made and a
twist drill craniotomy was placed.  The EVD was passed with CSF
flow return of low pressure.  CSF was sent for microbiology and
laboratory studies and the drain was tunneled laterally on the
right side and secured in place.  The patient tolerated the
procedure well with no complications.  The patient was
transferred to the Surgical Intensive Care Unit in critical
condition.

CHARLES PRESTIGIACOMO, MD/088826

Dict. By:  DANIEL YANNI, MD/DY/6070
DD: 09/08/2007 20:45:00    DT: 09/09/2007    Job#: 90249141

0048161537251

The University Hospital
150 Bergen Street
Newark, New Jersey 07103-2425

TRAUMA ATTENDING ADMISSION NOTE
Patient:    STASKIEWICZ, ROBERT          Electronically Signed By:
                                         ERIC MUNOZ
MRN:        011467768                    Physician ID:   088061
Attending:  ERIC MUNOZ                   Signature Date: Sep 11 2007   05:50PM
Adm. Date:


DIAGNOSES:  Assault, concussion, left open depressed skull
fracture, and epidural hematoma, status post craniotomy.

HISTORY OF PRESENT ILLNESS:  The patient is a 38-year-old white
male who was assaulted, brought to the Trauma Receiving Area
with the head injury, an obvious scalp laceration, and depressed
skull fracture.  He was noted on admission to have a Glasgow
coma scale of 15, did have a positive loss of consciousness at
the scene.  Otherwise, past medical history, family history,
social history, and review of systems were noncontributory.

PHYSICAL EXAMINATION:  Vital signs were stable.  The patient was
a well-developed, well-nourished male with an obvious head
injury.  Head, eyes, ears, nose, and throat showed a 5-cm left-
sided scalp laceration with the depressed skull fracture.  EOMs
were full.  Cranial nerves II through XII were intact.  Neck was
supple.  Chest was clear to P&A.  Cardiovascular showed regular
sinus rhythm with no murmurs.  Abdomen was soft, nontender, with
normal bowel sounds.  GU and rectal within normal limits.
Extremities showed no fractures.  Range of motion was complete.
Neurologic showed motor and sensory intact.

DIAGNOSTIC STUDIES:  The patient had a chest x-ray which was
negative.  CAT scan of the head showed an open left skull
fracture which was depressed and a right epidural hematoma.  CAT
scan of the C-spine was negative.  CAT scan of the chest,
abdomen, and pelvis was also negative.

HOSPITAL COURSE:  The patient was seen in consultation by
Neurosurgery, admitted for craniotomy, fracture fixation and
elevation of the depressed skull fracture, and admission to
rehabilitation postop.  The patient will have a length of stay
of some 7 to 10 days.

0048161537251
Patient:        STASKIEWICZ, ROBERT
MRN:            011467768
Adm. Date:      Sep 08 2007
Dis. Date:      Sep 14 2007
CONTINUATION: DISCHARGE SUMMARY

and followed by PM&R.  The patient had a mild aphasia,
intermittent aphasia, transcortical motor aphasia which PM&R
felt that it could be worked up.  The patient could be worked up
as an outpatient, would continue the PT.  On September 14, 2007,
the patient decided that he wanted to leave.  The patient was
seen by multiple Trauma doctors, residents, and social worker.
The patient recommended that he should stay.  The patient
insisting that he would leave.  The patient was even spoken to
by 1 of his friends over the phone recommended that he stay but
he insisted that he would leave.  The patient would not wait for
prescriptions.  The patient did accept; however, Trauma
discharge instruction sheet with the telephone numbers of the
clinics and for the procedure that was done to him with the name
of the neurosurgeon and telephone numbers of where he should
follow up.  The patient was informed that he should keep this
form at least, so wherever he goes for his suture removal, which
he said will probably be in Freehold that at least they would
know what procedures were done and what doctors were treating
him.  The patient just turned around, nodded his head, and
walked away.  He did sign the AMA form.  Dr. Neil Banga Senior
Trauma resident on-call and Dr. _____ made aware of the
decision of the patient.  The patient did not accept any
prescriptions.  The patient signed an AMA.


_____
ERIC MUNOZ, MD/088061


Dict. By:  RICHARD HUGHES, PA/RH/6049
DD:  09/14/2007 18:42:00     DT:  09/15/2007     Job#:  90253420

.Wilker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Monday, November 26, 2012 2:45 PM |
| **To:** | 'Dr. Jay Cowan'; 'Dr. Homer Venters' |
| **Cc:** | Trent, Sarah; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE: Robert Staskiewicz  349-11-16067 AMKC |
| **Attachments:** | Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile) |



THE
LEGAL
AID
SOCIETY

The Prisoners' Rights Project has been contacted by Mr. Staskiewicz's attorney who reports that Mr. Staskiewicz is not getting "Furacet," which he was prescribed for headaches and for treatment of a traumatic brain injury that he suffered.  He says that PHS clinicians at AMKC are  only prescribing "Imatrex," 3x a week, but he says that this is not enough and, as a result, he gets headaches everyday.

He also says that Dr. Richards reduced the prescription for Gabapetin from 1800mg/day to 600mg/day, apparently against the recommendations of the  neurologist at Bellevue who prescribed the higher dosage.

Mr. Staskiewicz says that these problems arose about a week ago.

Would you please make sure that he receives pain medication that is appropriate for his condition and which is effective enough for him to tolerate the pain that his conditions would be likely to produce?

Please let us know your actions taken to address his other medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

Thank you for your attention to these matters.

*Dale A. Wilker*

Staff Attorney

The Legal Aid Society

Civil Practice / Prisoners' Rights Project .

email: dwilker@legal-aid.org

*At this time The Legal Aid Society's offices at 199 Water Street are temporarily relocated. While I am able to receive and respond to email at this email address, I am unable to receive incoming or make outgoing telephone calls using my Water Street number. However, until further notice you should feel free to contact me at 212-735-4361 or 212-577-3530. Thank*

1

## Wilker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Tuesday, October 23, 2012 1:12 PM |
| **To:** | 'Dr. Jay Cowan'; 'Dr. Homer Venters' |
| **Cc:** | Trent, Sarah; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | Robert Staskiewicz  349-11-16067 AMKC |
| **Attachments:** | Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile); Picture (Metafile) |



The Prisoners' Rights Project has been contacted again by Mr. Staskiewicz  who reports through his attorney that he has not received Tylenol 3 with codeine pain medication that was prescribed for him by a neurologist.  Instead, he says that PHS is giving him plain Tylenol and aspirin.

As you know Mr. Staskiewicz sustained traumatic brain injury and, as a result,  suffers from seizures and severe, uncontrolled migraine headaches for which he says that he had been receiving Naproxen and/or Napresse [sic: Norpress http://headacheandmigrainenews.com/nortriptyline-for-chronic-pain/] and methadone.

Would you please make sure that he receives pain medication that is appropriate for his condition and which is effective enough for him to tolerate the pain that his conditions would be likely to produce?

Please let us know your actions taken to address his medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

Thank you for your attention to these matters.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it

constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Wednesday, September 26, 2012 10:55 AM |
| **To:** | 'Dr. Jay Cowan'; 'Dr. Homer Venters' |
| **Cc:** | Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; Amanda Masters; capotler@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | RE: ANTI-SEIZURE MEDICATIONS NEEDED: Robert Staskiewicz  349-11-16067 AMKC |



THE
LEGAL
AID
SOCIETY

We are writing to provide additional details of Mr. Staskiewicz' history of traumatic brain injury and to request that he be provided with medications to control seizures and migraine headaches which he says that he continues to experience.

In 2007 Mr. Staskiewicz' suffered a compound depressed skull fracture and lapsed into a coma when he hit several times in the head with a brick. He also suffered a subdural hematoma and intracerebral hemorrhage which left him in critical condition after surgery to repair the damage. See the attached hospital surgical records from University Hospital of Newark, NJ.


<< File: 2007 UNIVERSITY HOSPITAL SURGERY RECORDS.pdf >>

He says that he currently has migraine headaches which "bring me to my knees," and cause vomiting, loss of balance and loss of vision. In addition he says that he has no cartilage in his right knee which has bone spurs and is arthritic. However, he says that he cannot persuade the PHS doctors at AMKC to continue medications that he has been treated with before his arrest.

He says that he was under the care of Dr. Amad Riaz at Woodhull Hospital in Brooklyn. He writes that he was taking the following medications:

Celebrex 100 mg / 2xday

Levetiracetam 500 mg / 2xday

Clondine (?Clonidine?) .03 mg / 3xday

Adarol (?Adderall?) 30 mg / 2xday

Furivet (?Fioricet?) 40 to 50 mg / 2xday


Would you please review Mr. Staskiewicz' medical history of brain injury and knee deterioration, consult with his personal physicians to confirm that he should be prescribed the medications listed above and, if confirmed, provide those medications to him while he is in City custody?

Thank you for your attention to these matters. Please let us know your actions taken to address his medical treatment needs.

*Dale A. Wilker*

·Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Tuesday, September 04, 2012 2:35 PM |
| **To:** | 'Dr. Jay Cowan'; 'Dr. Homer Venters'; 'Erik Berliner' |
| **Cc:** | Trent, Sarah; 'Amanda Parsons'; 'Athanasia Toumanidis'; 'Donald Doherty'; 'Dr. Carl J. Keldie'; 'Dr. Luis Cintron'; 'Dr. R. Macdonald'; 'George Axelrod'; 'Nancy Arias RN'; 'Patricia Morgese'; 'Pinney, Becky'; 'Vivienne McDonald'; 'capotler@boc.nyc.gov'; 'Tonya (BOC) Glover'; 'Masters, Amanda'; 'Lewis Finkelman, Esq.'; 'Thomas Bergdall, Esq.' |
| **Subject:** | |
| **Attachments:** | Picture (Metafile); Picture (Metafile); Picture (Metafile) |



Mr. Staskiewicz, who has a traumatic brain injury, reports through his attorney that PHS has not administered Gabapentin to him for two days because the prescription expired and has not been reordered yet.

Mr. Staskiewicz says that he has requested sick call for the past three days and he has not been seen. He says that he has been waiting to be seen today, but does not know if he will actually be taken to the clinic because of the restrictive movement policy at AMKC.

Would you please have him seen as soon as possible and provided with any appropriate and necessary treatment?

Thank you for your attention to these matters. Please let us know your actions taken to address his medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

*Dale A. Wilker*

3



Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| From: | Wilker, Dale |
|---|---|
| Sent: | Tuesday, August 21, 2012 11:32 AM |
| To: | 'Dr. Jay Cowan'; 'Dr. Homer Venters'; 'Erik Berliner' |
| Cc: | Trent, Sarah; Amanda Parsons; 'Athanasia Toumanidis'; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; 'capotler@boc.nyc.gov'; 'Tonya (BOC) Glover'; 'Masters, Amanda'; Lewis Finkelman, Esq.; Thomas Bergdall, Esq. |
| Subject: | RE: ANTI-SEIZURE MEDICATIONS NEEDED: Robert Staskiewicz 349-11-16067 AMKC |



Mr. Staskiewicz reports that, yesterday, during a search, an officer seized his week's supply of Keppra, a medication which he needs to take twice daily to prevent epileptic seizures. He says he was prescribed Keppra (Levetiracetam) as a carry medication because half of his natural skull was removed in 2007 when he suffered traumatic brain injury. See: http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001067/

Would you please make sure that he receives a replacement supply of Keppra this morning?

We also request that DOC remind its officers not to seize prescription medication from inmates, at least without first verifying the need for the medication with jail health care staff.

Mr. Staskiewicz says that officers routinely take inmate medications during searches. In yesterday's incident he says that a female officer, whose name he does not know because he says she covered her name badge took his carry supply of Keppra and, when he asked to have it back, she refused, even though the prescription information was on the carry bag and even though he says that he explained to her that there could be fatal consequences for him without the medication. He says that this officer told him that he "should have thought about that before he came to jail."

Thank you for your attention to these matters. Please let us know your actions taken to address his medical treatment needs

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Thursday, July 05, 2012 11:15 AM |
| **To:** | 'Dr. Jay Cowan'; 'Dr. Homer Venters' |
| **Cc:** | Trent, Sarah; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Vivienne McDonald; capotler@boc.nyc.gov; karmstead@boc.nyc.gov; rtwolf@boc.nyc.gov; Tonya (BOC) Glover |
| **Subject:** | ANTI-SEIZURE MEDICATIONS NEEDED: Robert Staskiewicz  349-11-16067 AMKC |



THE
LEGAL
AID
SOCIETY

The Prisoners' Rights Project has been contacted by Mr. Staskiewicz's attorney who reports that Mr. Staskiewicz was supposed to receive a renewal of anti-seizure medications ( Kepra and Gabapentin) for treatment of a traumatic brain injury that he suffered.  However, he says that  PHS has not renewed these medications.  Mr. Staskiewicz, for no apparent reason, says that he has been unable to get to the clinic.

FYI, for Gabapentin, see:  http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000940/

Would you please have Mr. Staskiewicz seen today as soon as possible and provided with any appropriate and necessary treatment?

Thank you for your attention to these matters.  Please let us know your actions taken to address his medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.



# THE
# LEGAL
# AID
# SOCIETY

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney–in–Chief*

Adriene L. Holder
*Attorney–in–Charge*
Civil Practice

John Boston
*Project Director*
Prisoners' Rights Project

August 21, 2012

Mr. Robert Staskiewicz
349-11-16067
AMKC
18-18 Hazen Street
Rikers Island
E. Elmhurst, N.Y.  11370

Dear Mr. Staskiewicz:

Enclosed is an e-mail letter that we have sent on your behalf to the Department of Health, its medical contractor, Prison Health Services, Inc.,  and the Board of Correction officials after receiving your  recent complaints about officers confiscating your seizure medication during a search of your housing area.  Please let us know whether or not you received a resupply of Keppra on August 21.

Enclosed is information about your legal rights.  Unfortunately, the Prisoners' Rights Project cannot represent you in any legal action for money damages which you may decide to take.  Our office does not represent inmates in damage actions for money.  The Prisoners' Rights Project is a small, test case unit that cannot represent the great majority of those who have claims of brutality, property loss, negligent injury or medical malpractice that occurred while you were in jail.  If you wish to bring a lawsuit you will have to do so with a private attorney or by yourself, as your own attorney, "pro se."

Sincerely yours,

DALE A. WILKER
Staff Attorney

DAW:ds



# THE
# LEGAL
# AID
# SOCIETY

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

November 26, 2012

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney–in–Chief*

Adriene L. Holder
*Attorney–in–Charge*
Civil Practice

John Boston
*Project Director*
Prisoners' Rights Project

Mr. Robert Staskiewicz
349-11-16067
AMKC
18-18 Hazen Street
Rikers Island
E. Elmhurst, N.Y.  11370

Dear Mr. Staskiewicz:

Enclosed is an e-mail letter that we have sent on your behalf to the Department of Health (DOH), its medical contractor, Prison Health Services, Inc., and Board of Correction officials after receiving your recent complaint about medical treatment problems that you are having in jail.  Please let us know whether or not you receive the medical services that we have requested for you.

Please try to file your own medical grievances about your issues with the medical clinic administration and the Department of Health.  Please send us a copy of all grievances and any replies that you receive.

We hope that our limited assistance will take care of your immediate problem.  We are sorry that, due to our limited resources and staff in our office, we cannot represent you in any legal action that you may want to take or bring a case for you in court.

Sincerely yours,

DALE A. WILKER
Staff Attorney



**THE
LEGAL
AID
SOCIETY**

Prisoners' Rights Project
199 Water Street
New York, NY 10038
T (212) 577-3530
F (212) 509-8433
www.legal-aid.org

October 24, 2012

Blaine (Fin) V. Fogg
*President*

Steven Banks
*Attorney-in-Chief*

Adriene L. Holder
*Attorney-in-Charge*
Civil Practice

John Boston
*Project Director*
Prisoners' Rights Project

Mr. Robert Staskiewicz
349-11-16067
AMKC
18-18 Hazen Street
Rikers Island
E. Elmhurst, N.Y.  11370

Dear Mr. Staskiewicz:

Enclosed is an e-mail letter that we have sent on your behalf to the Department of Health, its medical contractor, Prison Health Services, Inc.,  and the Board of Correction officials after receiving your attorney's recent complaints about your health problems.

Please let us know whether or not you receive the medical services that we have requested for you.

We hope that you are feeling better soon.

Sincerely yours,

DALE A. WILKER
Staff Attorney

DAW:ds



USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER

Pro SE Office Courts
United States District Courts
Southern District of N.Y.
500 Pearl Street, Room 230
New York, New York 10007

Robert Stashewicz 3491116067
19-18 Hazen Street ANKC
East Elmhurst N.Y. 11370

USM
SDPS

Confidential!
Legal mail